**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____
                              :
TEDDY T. ATKINSON,            :
                              :    Civil Action No.
          Petitioner,         :    11-2600 (RBK)
                              :
     v.                       :
                              :
WARDEN DONNA ZICKEFOOSE,      :    MEMORANDUM OPINION
                              :    AND ORDER
          Respondent.         :
_____:
```

It appearing that:

1. Petitioner, a federal inmate confined at the Federal Correctional Institution Fort Dix, Fort Dix, New Jersey, executed the § 2241 petition at bar ("Petition"), which challenges the conviction and sentence rendered by the United States District Court for the Northern District of New York ("NDNY"). See Docket Entry No. 1. The Petition indicates that Petitioner had already sought relief from the NDNY by means of § 2255 application, which was denied as untimely, see id. and the NDNY record indicates that the United States Court of Appeals for the Second Circuit affirmed NDNY's determinations and dismissed Petitioner's numerous appeals. See generally, Atkinson v. United States of America, Civ. Action. No. 05-0286 (TJM) (NDNY). During his § 2255 proceedings, Petitioner raised challenges substantively indistinguishable from those raised in the Petition at bar.

2. Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)). Claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see also Dorsainvil, 119 F.3d at 251-52. Importantly, a motion under § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition pursuant to § 2241. See United States v. Brooks, 230 F.3d at 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

3. In the matter at bar, Petitioner fails to demonstrate that § 2255 remedy is inadequate or ineffective to test the legality of his detention; he merely points out that his § 2255 challenges were dismissed as untimely. However, since such dismissal did not render a § 2255 motion inadequate or ineffective mechanism to test the legality of his detention,

§ 2241 relief is not an available remedial device under the circumstances of this case. Therefore, the Court is constrained to dismiss the Petition for lack of § 2241 jurisdiction.

4. While the Court can construe the Petition as Petitioner's application to the Second Circuit seeking leave to file second/successive § 2255 motion and, accordingly, forward the so-construed Petition to the Second Circuit, this Court finds such construction and forwarding not in the interests of justice, since Petitioner's <u>Atkinson v. United States of America</u>, Civ. Action. No. 05-0286 (TJM) (NDNY), proceedings demonstrate, with utmost clarity, that Petitioner already filed numerous applications with the Second Circuit concerning dismissal of Petitioner's § 2255 motion, and all these applications were invariably denied by the Second Circuit. However, no statement made in this Memorandum Opinion and Order shall be construed as preventing Petitioner from filing, on his own, an application with the Second Circuit seeking leave to initiate second/successive § 2255 proceedings. Analogously, no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position as to substantive validity or invalidity of such Petitioner's application, if filed.

5. Section 1914 provides that "[t]he [C]lerk of each district

court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $5." 42 U.S.C. § 1914(a).  A related statute, Section 1915, governs applications filed <u>in forma pauperis</u> ("IFP") and provides, in relevant part, that leave to proceed IFP may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Here, Petitioner failed to submit his $5 filing fee or his IFP application.  The prisoner's legal obligation to prepay the filing fee or to duly obtain IFP status is automatically incurred by the very act of initiation of his/her legal action. <u>See</u> <u>Hairston v. Gronolsky</u>, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing <u>Hall v. Stone</u>, 170 F.3d 706, 707 (7th Cir. 1999)).  Therefore, Petitioner shall pay his $5 filing fee or submit his IFP.

IT IS, therefore, on this ___6th___ day of ___June___, 2011,

ORDERED that the Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, Docket Entry No. 1, is dismissed for lack of jurisdiction; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with a blank <u>in forma pauperis</u> application for incarcerated

individuals seeking to initiate habeas action; and it is further

ORDERED that, within thirty days of entry of this Memorandum Opinion and Order, Petitioner shall submit either his filing fee of $5 or his complete in forma pauperis application; and it is finally

ORDERED that the Clerk shall close the file on this matter.

        s/Robert B. Kugler
        **ROBERT B. KUGLER**
        **United States District Judge**